# EXHIBIT A

## DEFINITIONS

A.      As used herein, the terms **"you"** and **"your"** refers to Gerald E. Lang, Ph.D and any agents, representatives, attorneys or any other person acting, either directly or indirectly, on your behalf.

B.      As used herein, the term **"Defendants"** means, individually or collectively, West Virginia University Board Of Governors, Mary Roberta Brandt, Beverly D. Kerr, Marjorie A. McDiarmid, Michael S. Garrison, C. Peter Magrath, James P. Clements, and E. Jane Martin.

C.      As used herein, wherever **"Defendants"** are referred to, either individually or collectively, the term means the individual Defendant was well as any of its employees, officers, administration, representatives, faculty, or staff.

D.      As used herein, the term **"Academic Misconduct Proceedings"** refers to all stages of the proceedings initiated by West Virginia University, or any of its employees, officers, administration, representatives, administration, faculty, and staff, regarding Heather Bresch and the awarding of her eMBA degree in 2007, including, but not limited to, the initiation of any proceedings; the investigation of the Special Investigative Panel for Review of Executive MBA Program Records; all activities of the Screening Subcommittee; all activities of the Discovery Subcommittee; and all activities and communications related to the bringing of charges of academic misconduct against Plaintiffs in 2008.  This includes Defendants and their divisions, departments, subsidiaries, branches, affiliates, predecessors in interest, successors in interest, present and former officers, directors, managers, employees, agents, supervisors, representatives, attorneys, or any other person acting, either directly or indirectly, on their behalf.

E.      As used herein, the term **"Heather Bresch Inquiry"** refers to all steps taken by Defendants to consider or evaluate the academic standing or degree status of Heather Bresch, and the after-effects of the decision finding that Ms. Bresch had in fact earned an eMBA degree, including but not limited to investigations, record analysis, publicity, internal and external meetings, internal and external interviews, internal and external communications, and any and all other actions or considerations by Defendants and their divisions, departments, subsidiaries, branches, affiliates, predecessors in interest, successors in interest, present and former officers, directors, managers, employees, agents, supervisors, representatives, attorneys, or any other person acting, either directly or indirectly, on their behalf.

F.      As used herein, the term **"Lang Suit"** refers to the action brought in the Circuit Court of Monongalia County, West Virginia, and titled *State ex re Gerald E. Lang v. West Virginia Board of Governors et al.*, Petition No. 09-C-114.

G.      **"Plaintiffs"** refers to Dr. Cyril M. Logar and Dr. R. Stephen Sears.

H.      The terms **"describe in detail"** and **"set forth the factual basis"** shall mean to describe fully by reference to underlying facts rather than by ultimate facts or conclusions of facts or law and to particularize as to the times, places and manner.

I.      As used herein, the terms **"document"** and **"documents"** shall mean, regardless of origin, source or location, all original written, recorded, transcribed, taped, photographed or graphic matters whatsoever, or any photocopy thereof, and any and all non-identical copies thereof, including, but not limited to papers; books; records; letters; photographs; tangible things; correspondence; communications; emails; texts, telegrams; cables; telex messages; memoranda; tape recordings; recordings of telephone or other conversations, interviews, conferences or other meetings; affidavits; statements; summaries; opinions; reports; studies; analyses; evaluations;

contracts; agreements; forms; jottings; notes; agendas; bulletins; manuals; handbooks; catalogs; brochures; pamphlets; publications; schedules; charts; client lists; journals; statistical records; calendars, including desk calendars; appointment books; diaries; lists; tabulations; sound recordings; computer printouts; data processing program input and output; microfilm; books of account; records and invoices reflecting business operations; all records kept by electronic, photographic or mechanical means; any notes or drafts relating to the foregoing; and all things similar to any of the foregoing, however denominated, which are in your possession, custody or control, or in the possession, custody or control of your present or former agents, representatives or attorneys, or any and all persons acting on your behalf, including documents at any time in the possession, custody or control of such individuals, or known by you to exist.

J.      As used herein the terms **"identify"** and **"identity"** have the following meanings:

1.      When used in reference to a natural person, to provide his or her:

      (a)      full name;

      (b)      present or last known name and business address (including street name and number, city or town, state and zip code) and telephone number;

      (c)      present or last known employer, position, job title and job description; and

      (d)      business position or affiliation and job title at the time in question.

2.      When used in reference to a company, corporation, association, partnership, joint venture or any legal entity other than a natural person to provide:

      (a)      its full name;

      (b)      address and telephone number of its principal office or place of business;

      (c)      nature of its business; and

3

          (d)     the name of the individual(s) with whom you were principally in contact, if any.

3.     When used in reference to a document or written material to provide:

          (a)     the name and date of the document;

          (b)     the name and address of the person(s) originating the document and the person(s) to whom the document is addressed (including persons to whom carbon copies were sent);

          (c)     the firm, agency or company with which all such persons are connected as of the date of the document;

          (d)     the location of the original or copies of the document and the name of the person having possession of it;

          (e)     the nature of the document, e.g., whether it is a letter, memorandum, agreement, etc.; and

          (f)     the substance of the document.

4.     When used in reference to an act or event to provide:

          (a)     the date of the act or event;

          (b)     the place at which the act or event occurred;

          (c)     the substance of the act or event;

          (d)     the identity of the person(s) performing the act or event; and

          (e)     the identity of each person who was present during, or who participated in, the act or event.

5.     When used in reference to a communication or statement to provide:

          (a)     the person(s) making the communication;

          (b)     the person(s) to whom the communication was made;

          (c)     whether the communication was written, electronic, or oral;

          (d)     the persons present during the communication;

          (e)     the date of the communication;

          (f)     and the location of the communication.

K.     As used herein, the terms **"communication"** or **"communications"** shall mean any oral or written exchange of words, thoughts or ideas to another person(s), whether person-to-person, in a group, by email, by telephone, by letter, telex, facsimile or by any other process, electric, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten or other readable documents as defined herein.

L.     As used herein, the terms **"person"** and **"persons"** shall mean all individuals and entities, including, without limitation, any natural individual, representative person or any corporation, firm, partnership, proprietorship, association, business, joint venture, board or other entity.

M.     The terms **"relating to," "reflecting," "referring to,"** and **"concerning"** (or any form thereof) unless otherwise indicated mean including, summarizing, demonstrating, constituting, containing, studying, analyzing, considering, explaining, mentioning, showing, embodying, recording, noting, evaluating, mentioning, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

N.     The term **"Heather Bresch"** refers to the person known at various times as Heather Manchin, Heather Kirby, and Heather Bresch.

## GENERAL INSTRUCTIONS

A.     In responding to Plaintiff's Requests, Defendants are requested to furnish not only such information as is available to Defendants, but also such information as is known to each employee, agent, representative, parent corporation, affiliate, subsidiary, partnership, joint venture, or any other group, association or person with which Defendants are associated or in which Defendants have any form of interest, and/or any person or entity acting on behalf of

Defendants, including Defendants' attorneys, investigators and experts, unless such information is privileged from discovery.

B.    Plaintiff's Requests are continuing in nature.   In the event that information requested is not available or cannot be ascertained at the time of responding, but such information become available at any time thereafter and prior to the trial of this case, Defendants shall provide that information immediately upon such occurrence.  If any form of privilege or other protection from disclosure is claimed as a basis for withholding responsive information, , Defendants shall set forth each and every fact supporting the claim with sufficient specificity to permit full determination by the court as to whether the claimed privilege or protection is valid.

C.    In the event that the exact information requested in any of Plaintiffs' Requests is not available or cannot be ascertained at the time the answers are prepared, please answer each Request with the information available.

D.    Each Request shall be responded to separately and as completely as possible.  The fact that investigation is continuing or that discovery is not yet complete shall not be reason for failure presently to respond to each Request as fully as possible.

E.    Each Request should be answered separately by each Defendant named in Plaintiffs' Complaint.

F.    Unless otherwise indicated in a specific Request below, each of Plaintiff's Requests seeks information for the time period of **October 1, 2007 through the present**.

G.    All documents provided in response to these Requests shall be produced at the offices of The Tinney Law Firm, PLLC, 222 Capitol Street, Suite 500, Charleston, WV 25301, attention: Jack Tinney, Jr., Esq.

6

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following:

1.      The agreement between the parties that is referred to in Judge Tucker's July 15, 2011 Agreed Order Vacating *Nunc Pro Tunc* Prior Orders Dated April 24, 2009 and January 24, 2011, attached as Exhibit A to the Supplement to Motions to Dismiss Filed by Defendants West Virginia University Board of Governors, C. Peter McGrath, James P. Clements and E. Jane Martin, including all drafts of this agreement as exchanged between the parties to that agreement and all communications between the parties relating to, referring to, reflecting or concerning that agreement.

2.      Any other documents, writings or agreements exchanged between or agreed-to by any of the parties in the Lang Suit, including drafts of such documents, writings or agreements.

3.      Any and all communications with the West Virginia Supreme Court of Appeals and the Circuit Court of Monongalia County with respect to the Lang Suit.

4.      Any and all communications you have had with anyone regarding the proposed and/or final agreement with the parties to the Lang Suit.

5.      Any documents or statements submitted pursuant to the agreement reached between the parties to the Lang Suit, including but not limited to the "voluntary resolution statement," as described in the agreement reached between the parties to the Lang Suit, and any drafts of any such documents or statements.