IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYRIL M. LOGAR and R. STEPHEN SEARS,

    Plaintiffs,

v.                                Civil Action No. 1:10CV201
                                        (STAMP)

WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS,
including members from 2008 through the
present, a West Virginia State Board;
MARY ROBERTA BRANDT, individually and as
former Vice President for Legal Affairs and
General Counsel at West Virginia University
and adjunct professor of law;
BEVERLY D. KERR, individually and as Deputy
General Counsel for West Virginia University;
MARJORIE A. McDIARMID, individually and as the
Steptoe and Johnson Professor of Law and Technology and
Academic Integrity Officer for West Virginia University;
MICHAEL S. GARRISON, individually and as former
President of West Virginia University;
C. PETER MAGRATH, individually and as former interim
President of West Virginia University;
JAMES P. CLEMENTS, individually and as current
President of West Virginia University; and
E. JANE MARTIN, individually and as former
Provost of West Virginia University,

    Defendants.

**ORDER NOTIFYING THE PARTIES OF INTENT OF POSSIBLE CONVERSION
OF THE MOTIONS TO DISMISS INTO MOTIONS FOR SUMMARY JUDGMENT
AND DIRECTING THE PARTIES TO FILE AFFIDAVITS**

       The defendants in the above-styled civil action have filed five motions to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  This Court is considering converting the motions to dismiss into motions for summary judgment as to the issue of the statute of limitations.  Rule 12(d) requires that, if a court looks to matters outside the pleadings, a motion to dismiss pursuant to 12(b)(6) be treated as a motion for summary judgment

under Rule 56.  Rule 12(d) states that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Accordingly, this Court DIRECTS the parties to submit affidavits to this Court on or before **August 10, 2011**.  In the affidavits, the parties should provide the date on which the plaintiffs received the Screening Subcommittee Report and the date on which the plaintiffs received the Discovery Subcommittee Report draft.  The parties should also include any other pertinent material on the issue of the statute of limitations.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:     July 28, 2011


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE