**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

CYRIL M. LOGAR,
R. STEPHEN SEARS,

       Plaintiffs,

       v.

WEST VIRGINIA UNIVERSITY BOARD
OF GOVERNORS, including members from
2008 through the present, a West Virginia state
board; MARY ROBERTA BRANDT,
individually and as former Vice President for
Legal Affairs and General Counsel at West
Virginia University and adjunct professor of
law; BEVERLY D. KERR, individually and as
Deputy General Counsel for West Virginia
University; MARJORIE A. MCDIARMID,
individually and as the Steptoe and Johnson
Professor of Law and Technology and
Academic Integrity Officer for West Virginia
University; MICHAEL S. GARRISON,
individually and as former President of West
Virginia University; C. PETER MCGRATH,
individually and as former interim President of
West Virginia University; JAMES P.
CLEMENTS, individually and as current
President of West Virginia University; and E.
JANE MARTIN, individually and as former
Provost of West Virginia University,

       Defendants.

Civil Action No. 1:10-cv-201

**JURY TRIAL DEMANDED**

---

**REPLY MEMORANDUM IN OPPOSITION TO SUPPLEMENT TO MOTIONS TO
DISMISS FILED BY DEFENDANTS WEST VIRGINIA UNIVERSITY BOARD OF
GOVERNORS, C. PETER MAGRATH, JAMES P. CLEMENTS, and E. JANE MARTIN**

      True to form, Defendants the West Virginia University Board of Governors and C. Peter

Magrath are once again displaying their preference to hide information rather than confront the

issues. Faced with West Virginia Circuit Court Judge Susan Tucker's devastating April 24, 2009

{01261394}

order (the "April 24 Order" attached to the Complaint as Exhibit "B") in *Lang v. Board of Governors, et al.*, Pet. No. 09-C-114 (Cir. Ct. for Monongalia County), that exposed the University's academic integrity processes as fundamentally tainted by conflicts of interest, the Board of Governors and Mr. Magrath reached a settlement with former Provost Gerald Lang that terminated any future academic integrity proceedings against Dr. Lang and conditioned the settlement on Judge Tucker vacating her prior orders *nunc pro tunc*, a legally improper request. *See* Renewed Mot. to Intervene and Mot. to Alter or Amend Judgment Under Rule 59(e) by R. Stephen Sears and Cyril M. Logar, *Lang v. WVU Bd. of Governors et al.*, Pet. No. 09-C-114 (Cir. Ct. Monongalia County July 25, 2011) (attached as Exhibit A).[1]   After Judge Tucker vacated her prior orders on July 15, 2011, Defendants the Board of Governors, Magrath, James P. Clements, and E. Jane Martin filed with this Court a Supplement to their Motions to Dismiss, advising the Court of Judge Tucker's July 15 Order.  *See* Docket Entry No. 99.

The Plaintiffs, Cyril M. Logar ("Dr. Logar") and R. Stephen Sears ("Dr. Sears") (together, "Plaintiffs"), pursuant to the Court's July 22, 2011 Order at Docket Entry No. 106, submit this Reply Memorandum in Opposition to the Supplement.  Plaintiffs incorporate the Oppositions they filed at Docket Entry Nos. 36 and 57 by reference, and as if the content of those Oppositions was fully set forth below.

As an initial matter, Plaintiffs' claims are not based on Judge Tucker's April 24 Order, but on the facts underlying that Order regarding the clear conflict of interest that existed and the resulting damage Defendants caused to Plaintiffs' professional reputations and abilities to obtain future employment due to the tainted academic misconduct procedures and resulting charges.

---

[1] Drs. Sears and Logar's Renewed Motion to Intervene and Motion to Alter or Amend Judgment Under Rule 58(e) is pending.  *See also* the discussion at pp. 5-7 of the Renewed Motion concerning entry of orders *nunc pro tunc*.

The Board of Governors' and Mr. Magrath's recent actions in settling the Lang matter neither rewrite history nor resolve the conflict of interest that Judge Tucker identified in the April 24 Order and re-affirmed on January 24, 2011.  *See* April 24 Order at 13 ("The interests of those individuals accused of wrongdoing in this matter are identical to Lang's interests. . . . [T]he Court is of the opinion that the rights of all the accused have been violated as set forth herein above."); January 24, 2011 Order at 2 ("The rulings as set forth in the Court's Order dated April 24, 2009 are correct.").

To be clear, nothing the Board of Governors and Mr. Magrath have done changes the underlying facts that gave rise to Judge Tucker's unambiguous findings that a conflict of interest existed when the Board of Governors, through the President of the University, authorized the Office of General Counsel to advise various investigative panels on the propriety of conduct that the Plaintiffs, and others, undertook based upon the legal advice provided to them by the very same Office of General Counsel.  Further, none of the recent legal repositioning affects the facts that led Judge Tucker to hold that those conflict-tainted academic misconduct proceedings had to be terminated immediately.

In the face of the misconduct proceedings, former Provost Gerry Lang filed a Writ of Prohibition in the Circuit Court for Monongalia County challenging the procedural fairness of the processes that led to the academic misconduct proceedings.  Complaint ¶ 47.  Dr. Sears and Dr. Logar attempted to intervene in Lang's challenge.  *Id.* ¶ 48.

The outcome of Lang's petition was Judge Tucker's scathing April 24 Order.  Judge Tucker exposed the conflict of interest that permeated the academic misconduct proceedings, and found that the conflict of interest was so acute that the proceeding could not go forward.  April 24 Order at 9-13; Complaint, ¶ 50-51.  Judge Tucker ordered that the Board of Governors – if it

wanted to continue to pursue Lang and "those individuals accused of wrongdoing in this matter" – initiate alternative proceedings to guarantee that the due process rights of the subjects of those proceedings were protected.  April 24 Order at 13.  Despite Judge Tucker's instructions, the Board of Governors has failed to initiate any new misconduct proceedings against Drs. Logar and Sears, choosing instead to insist before this Court that the same proceedings that Judge Tucker terminated in the April 24 Order are still ongoing.

And though Judge Tucker declined Drs. Logar and Sears's Motion to Intervene due simply to the timing of its filing, she expressly provided that her findings applied equally to Dr. Sears and Dr. Logar and requested that the Respondents conduct themselves accordingly without requiring additional Court intervention.  April 24 Order at 8, 13; Complaint, ¶ 50(d), (e).

Rather than work to resolve the conflict of interest, the Board of Governors and Mr. Magrath worked behind the scenes to negotiate an agreement with Lang that would undo Judge Tucker's order.  By working behind close doors, the Board of Governors avoided providing Dr. Logar and Dr. Sears with any notice of its actions or intentions.  As was disclosed to Dr. Sears and Dr. Logar for the first time in the Supplement, the result of the Board of Governors' compromise with Lang was a joint motion to remand the case – which was, by now, on appeal to the state supreme court – to Judge Tucker, followed by a joint motion to vacate Judge Tucker's prior orders *nunc pro tunc*.  *Lang v. Board of Governors, et al.*, Pet. No. 09-C-114, Agreed Order Vacating *Nunc Pro Tunc* Prior Orders Dated April 24, 2009 and January 24, 2011 at 2 (July 15, 2011) ("July 15 Order").

A copy of the "Confidential Settlement Agreement and Release of Claims" in the Lang matter is attached as Exhibit B.  The parties to Lang agreed to settle their dispute if and only if Judge Tucker vacated her prior orders *nunc pro tunc*.  *Id.* at 4.  In fact, the Confidential

Settlement Agreement and Release of Claims was not effective, by its terms, until Judge Tucker entered her July 15 Order that vacated, *nunc pro tunc*, those earlier orders. *Id.* at 7. As explained in Plaintiffs' filing to Judge Tucker, it was legally improper to vacate the orders *nunc pro tunc*. *See* Ex. A. Should Judge Tucker alter her judgment, arguably the Confidential Settlement Agreement and Release of Claims would be void and the prior orders would be reinstated.

The conflict of interest Judge Tucker identified in the April 24 Order remains, regardless of the fate of the order that first exposed the conflict. Nothing has changed the fact that West Virginia University's Office of General Counsel first advised the Plaintiffs about the legal implications and requirements surrounding the awarding of a former student a promised degree and then, the same Office turned around and advised the academic integrity panel in connection with its efforts to sanction those same employees for following the General Counsel's advice.

The allegations in Plaintiffs' Complaint more than adequately satisfy the basic pleading requirements that apply to § 1983 claims, and are unaffected by Judge Tucker's July 15 Order. Plaintiffs have alleged that as a result of the unconstitutional academic misconduct proceedings they were deprived of their positions at West Virginia University, wages and compensation commensurate with those positions, and future business and employment opportunities. (Complaint, ¶¶ 56-60). Plaintiffs also have alleged that they had a protected property interest in their expectation that Defendants would comply with their own academic misconduct *Policy and Procedures*. (*Id.* ¶ 63). The existence of the July 15 Order does not alter any of those averments.

As a result of WVU's misconduct, Dr. Sears lost his position as Dean, along with the pay and benefits associated with that position, as well as future employment opportunities

specifically because of Defendants' conduct.  Similarly, Dr. Logar no longer holds the position

of Associate Dean, has lost pay and benefits associated with that position, and has lost additional

business opportunities because of Defendants' conduct.  Nothing contained in the July 15 Order

changes this.

WVU adopted its *Policy and Procedures*, which contain explicit substantive and

procedural safeguards to ensure that persons being investigated for, and charged with, academic

misconduct receive fair procedure.  Plaintiffs had legitimate and protected expectations that

Defendants would abide by their procedures by preventing conflicts of interests in the process

and by restoring Plaintiffs' professional reputations when Plaintiffs were exonerated of any

academic misconduct.  Defendants failed to do either, and the July 15 Order does not cure

Defendants' failures.

The effect of the July 15 Order, if any, is only to modify the manner in which Dr. Sears

and Dr. Logar will prove that Defendants violated Plaintiffs' constitutional rights.  The July 15

Order does not, and cannot, expunge the facts that gave rise to Plaintiffs' claims.  Similarly, any

argument that Plaintiffs' claims are not yet ripe is unavailing because Plaintiffs are not required

to exhaust their state remedies before bringing a claim in federal court pursuant to § 1983.  *See,*

*e.g., Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 532 (1990) ("The availability of state

administrative procedures ordinarily does not foreclose resort to § 1983."); *Talbot v. Lucy Corr*

*Nursing Home*, 118 F.3d 215, 218 (4th Cir. 1997) ("[E]xhaustion of state administrative

remedies is not required prior to bringing suit under § 1983.")

Plaintiffs' claims are not based on Judge Tucker's April 24 Order, but on the facts

underlying that Order regarding the clear conflict of interest that existed and the resulting

damage Defendants caused to Plaintiffs' professional reputations and abilities to obtain future

employment.  Plaintiffs have alleged facts that, taken as true, establish that Defendants violated

Plaintiffs' constitutionally-protected rights, and Plaintiffs' claims are not affected by the July 15

Order.  For those reasons, Defendants' Motions to Dismiss must be denied.

Respectfully submitted,

/s/ Robert J. Ridge

Dated:  July 29, 2011       Robert J. Ridge
W. Va. Bar No. 7674
THORP REED & ARMSTRONG, LLP
301 Grant Street
One Oxford Centre, 14th Floor
Pittsburgh, PA  15219
(412) 394-7711 (phone)
(412) 394-2555 (facsimile)

1233 Main Street, Suite 4000
Wheeling, WV  26003-2839
(412) 394-7711

*Counsel for Cyril M. Logar*

/s/ John H. Tinney, Jr.
John H. Tinney, Jr.
W. Va. Bar No. 6970
THE TINNEY LAW FIRM PLLC
222 Capitol Street, Suite 500
Charleston, WV  25301
(304) 720-3310 (phone)
(304) 720-3315 (facsimile)

/s/ Thomas A. Clare
Thomas A. Clare, P.C.
(admitted *Pro Hac Vice*)
KIRKLAND & ELLIS LLP
655 15th Street, N.W., 12th Floor
Washington, D.C. 20005
(202) 879-5000 (phone)
(202) 879-5200 (facsimile)

*Counsel for R. Stephen Sears*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following through the Court's

ECF System or by regular U.S. Mail to non-ECF participants this 29th day of July, 2011:

Robert P. Fitzsimmons, Esq.
Robert J. Fitzsimmons, Esq.
Fitzsimmons Law Offices
1609 Warwood Avenue
Wheeling, WV  26003
*Michael S. Garrison, Esq.*

Stephen M. LaCagnin, Esq.
Wendy G. Atkins, Esq.
Seth P. Hayes, Esq.
Jackson Kelly PLLC
P.O. Box 619
Morgantown, WV  26607
*West Virginia University Board of Governors*
*C. Peter Magrath*
*James P. Clements*
*E. Jane Martin*

Debra Scudiere, Esq.
Kay, Casto & Chaney, PLLC - Morgantown
5000 Hampton Center - Suite 3
Morgantown, WV  26505
*Mary Roberta Brandt*
*Beverly D. Kerr*

Scott A. Curnutte, Esq.
P.O. Box 1605
312 Railroad Avenue
Elkins, WV  26241
*Marjorie A. McDiarmid*

/s/ Robert J. Ridge

[01261394]