IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


CYRIL M. LOGAR and R. STEPHEN SEARS,

       Plaintiffs,

v.                                     Civil Action No. 1:10CV201
                                             (STAMP)

WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS,
including members from 2008 through the
present, a West Virginia State Board;
MARY ROBERTA BRANDT, individually and as
former Vice President for Legal Affairs and
General Counsel at West Virginia University
and adjunct professor of law;
BEVERLY D. KERR, individually and as Deputy
General Counsel for West Virginia University;
MARJORIE A. McDIARMID, individually and as the
Steptoe and Johnson Professor of Law and Technology and
Academic Integrity Officer for West Virginia University;
MICHAEL S. GARRISON, individually and as former
President of West Virginia University;
C. PETER McGRATH, individually and as former interim
President of West Virginia University;
JAMES P. CLEMENTS, individually and as current
President of West Virginia University; and
E. JANE MARTIN, individually and as former
Provost of West Virginia University,

       Defendants.


**MEMORANDUM OPINION AND ORDER**
**CONVERTING THE DEFENDANTS' MOTIONS TO**
**DISMISS INTO MOTIONS FOR SUMMARY JUDGMENT**
**GRANTING DEFENDANT MARJORIE A. McDIARMID'S**
**MOTION FOR SUMMARY JUDGMENT;**
**GRANTING DEFENDANT JAMES P. CLEMENT,**
**C. PETER McGRATH AND WEST VIRGINIA UNIVERSITY**
**BOARD OF GOVERNORS' MOTION FOR SUMMARY JUDGMENT;**
**GRANTING DEFENDANT MICHAEL S. GARRISON'S**
**MOTION FOR SUMMARY JUDGMENT;**
**GRANTING DEFENDANT MARY ROBERTA BRANDT AND**
**BEVERLY D. KERR'S MOTION FOR SUMMARY JUDGMENT;**
**GRANTING DEFENDANT E. JANE MARTIN'S**
**MOTION FOR SUMMARY JUDGMENT;**
**DENYING AS MOOT WEST VIRGINIA UNIVERSITY BOARD**
**OF GOVERNORS, C. PETER McGRATH, JAMES P. CLEMENTS,**
**AND E. JANE MARTIN'S MOTION TO STAY DISCOVERY**
**PENDING RESOLUTION OF DISPOSITIVE MOTIONS;**

**DENYING AS MOOT JAMES P. CLEMENTS, E. JANE MARTIN,
C. PETER McGRATH AND WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNOR'S EMERGENCY MOTION TO
SEAL AFFIDAVITS OF R. STEPHEN SEARS
AND CYRIL M. LOGAR;
DENYING AS MOOT PLAINTIFFS'
MOTION FOR PROTECTIVE ORDER;
DENYING AS MOOT WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS, C. PETER McGRATH,
JAMES P. CLEMENTS, AND E. JANE MARTIN'S
SEALED MOTION FOR PROTECTIVE ORDER;
AND DENYING AS MOOT
GERALD E. LANG, PH.D.'S MOTION TO QUASH**

I.   Procedural History

The plaintiffs, Cyril M. Logar and R. Stephen Sears, filed a complaint against the defendants in this Court pursuant to 42 U.S.C. § 1983.  The plaintiffs state that the defendants deprived them of their liberty and property rights without due process, knowingly and intentionally sabotaged the plaintiffs' reputations, deprived them of certain benefits and privileges commensurate with their positions as administrators and tenured faculty members at West Virginia University ("WVU"), and failed to adhere to WVU's established procedures for conducting academic misconduct investigations.  Thereafter, Marjorie A. McDiarmid filed a motion to dismiss, James P. Clements, C. Peter McGrath, and West Virginia University Board of Governors ("WVU BOG") filed a motion to dismiss, Mary Roberta Brandt and Beverly D. Kerr filed a motion to dismiss, and E. Jane Martin filed a motion to dismiss.  On July 28, 2010, this Court entered an order notifying the parties of its intent of possible conversion of the motions to dismiss into motions for summary judgment as to the issue of the statute of

2

limitations and directed the parties to submit affidavits to this Court in which the parties should provide this Court with certain dates.

For the reasons set forth below, this Court converts the defendants' motions to dismiss into motions for summary judgment and grants Marjorie A. McDiarmid's motion for summary judgment, James P. Clements, C. Peter McGrath, and WVU BOG's motion for summary judgment, Michael S. Garrison's motion for summary judgment, Mary Roberta Brandt and Beverly D. Kerr's motion for summary judgment, and E. Jane Martin's motion for summary judgment.[1]

## II.   Facts[2]

In October 2007, a local media outlet contacted WVU inquiring whether a particular student ("Student A") completed and earned an

---

[1]Because this Court grants the defendants' dispositive motions, West Virginia University Board of Governors, C. Peter McGrath, James P. Clements, and E. Jane Martin's motion to stay discovery pending resolution of dispositive motions, and Emergency Motion to Seal Affidavits of R. Stephen Sears and Cyril M. Logar are denied as moot. In addition and for the same reasons, James P. Clements, E. Jane Martin, C. Peter McGrath and West Virginia University Board of Governors' Sealed Motion for Protective Order and R. Stephen Sears' Motion for Protective Order are denied as moot. However, the documents that were the subject of James P. Clements, E. Jane Martin, C. Peter McGrath and West Virginia Board of Governors' Emergency Motion to Seal Affidavits of R. Stephen Sears and Cyril M. Logar shall remain sealed until further order of any court of competent jurisdiction.

[2]With the exception of the date the plaintiffs received the Screening Subcommittee report, the facts contained in this memorandum opinion and order are obtained from the plaintiffs' complaint. The date the plaintiffs received the Screening Subcommittee report comes from the parties' affidavits.

3

"eMBA" degree at WVU.   The plaintiffs, former Dean and former Associate Dean of the College of Business and Economics at WVU, conducted an investigation at the request of then Provost Gerald Lang and concluded that Student A had not completed the degree.   On October 15, 2007, the plaintiffs attended a meeting called by former WVU President Michael Garrison, which was chaired by Garrison's chief of staff, Craig Walker.   Former WVU General Counsel Alex Macia, Lang, and former director of the MBA program Paul Speaker were also at the meeting.   The plaintiffs allege that Macia advised that Student A had earned the degree.   Sears stated that he was told to send a letter to the media outlet, stating that Student A had earned her degree.

The media outlet then made three Freedom of Information Act ("FOIA") requests.   In April 2008, a special investigative panel issued a report.   On May 30, 2008, Garrison submitted a letter to McDiarmid, Academic Integrity Officer for WVU, in which he requested an investigation of the potential academic misconduct committed by Sears or any other person.   Garrison then submitted his resignation on June 6, 2008, effective August 31, 2008.   The Office of General Counsel sent a memorandum to the plaintiffs on June 16, 2008, informing them that the Academic Integrity Committee had requested the cooperation of the General Counsel's office in the Student A investigation.   The memorandum instructed the plaintiffs to make available any and all documents relevant to the

investigation.    The plaintiffs contend that this constituted specific legal advice and direction to the plaintiffs.

McDiarmid named several individuals to serve on the Screening Subcommittee, including defendant Kerr, then deputy general counsel at WVU.  The Screening Subcommittee issued a report on July 17, 2008.  McDiarmid mailed the plaintiffs this report via university mail on July 21, 2008.  On August 1, 2008, counsel for Sears sent McDiarmid a letter seeking an extension of time to respond to the Screening Subcommittee Report.   On August 5, 2008, Logar sent McDiarmid a letter responding to the Screening Subcommittee report. The plaintiffs state that Macia and other persons acting in the General Counsel's office submitted documents for review by the Screening Subcommittee, which included Kerr, who was also employed in the General Counsel's office at the same time.  The Screening Subcommittee report stated that no testimony or documentary evidence indicated that Macia or Garrison knew of or were involved with the generation of the records sent to admissions and records. The plaintiffs state that no reference was made by the Screening Subcommittee that Macia had given legal advice and actively participated in the October 15, 2007 meeting and had participated in communications regarding the Student A matter before and after the meeting.

McDiarmid then named a discovery subcommittee hearing panel. In December 2008, defendant McDiarmid, Academic Integrity Officer for WVU, sent letters to the plaintiffs informing them that they

were being charged with academic misconduct.  The plaintiffs allege that Kerr attended the hearings of the Discovery Subcommittee and served as its legal counsel.  The Discovery Subcommittee brought charges of academic misconduct against the plaintiffs on December 3, 2008.  The Discovery Subcommittee report contained the affirmative statements that records were fabricated, grades falsified, and that the plaintiffs had failed to comply with institutional requirements related to teaching and learning.

On December 3, 2010, the plaintiffs filed this civil action. Count I of the complaint alleges denial of procedural due process by the investigating and bringing charges of academic misconduct while a conflict of interest existed with WVU's Office of General Counsel.  The plaintiffs also allege that in conducting the investigation and bringing charges, the defendants violated and continue to violate their own Policy and Procedures related to academic misconduct proceedings by failing to ensure that the process was free of conflicts of interest and was conducted in a fair and impartial manner.  Count II of the complaint alleges denial of substantive due process by the investigating and bringing charges of academic misconduct while a conflict of interest existed with the General Counsel's office.  In addition, the plaintiffs contend that the defendants deprived them of their rights to fundamental fairness in the proceedings.

### III.   Applicable Law

In examining a motion to dismiss, "the Court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice." Pennington v. Teufel, 396 F. Supp. 2d 715, 719 (N.D. W. Va. 2005).  A motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 "where materials outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d).  The parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion.  Id. The conversion is "governed by principles of substance rather than form.  The essential inquiry is whether the [opposing party] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985).

Under Rule 56(c) of the Federal Rules of Civil Procedure,

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    (A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
    (B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

7

Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).  However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Id. at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time

for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery.  See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992).  In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV.  Discussion

The defendants contend that this civil action must be dismissed because the statute of limitations has run on the plaintiffs' claims.  While 42 U.S.C. § 1983 does not contain an explicit statute of limitations, the United States Code provides that state law shall apply where federal law does not provide a statute of limitations.  42 U.S.C. § 1988.  All 42 U.S.C. § 1983 claims are treated as tort claims for the recovery of personal injuries. Wallace v. Kato, 549 U.S. 384, 387 (2007).  Therefore, the statute of limitations is two years pursuant to the West Virginia "catch-all" statute of limitations.  W. Va. Code § 55-2-12.[3]

---

[3]West Virginia Code Section 55-2-12 provides:

Every personal action for which no limitation is

While this Court looks to state law to determine the applicable statute of limitations, it must look to federal law to determine the appropriate accrual of the cause of action. Reinbold v. Evans, 187 F.3d 348, 359 n.10 (4th Cir. 1999); see also A Society Without A Name, For People Without A Home, Millennium Future-Present v. Virginia, No. 10-1437, --- F.3d ---- (4th Cir. Aug. 24, 2011) ("The applicable statute of limitations begins to run once a claim accrues, and federal law controls that determination."). The United States Supreme Court has concluded that when examining the accrual of causes of action under 42 U.S.C. § 1983, "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful." Chardon v. Fernandez, 454 U.S. 6, 8 (1981) (citing Delaware State College v. Ricks, 449 U.S. 250, 258 (1980)). Thus, a "civil rights claim accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" A Society Without A Name, 10-1437 at 9 (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). In the plaintiffs' complaint, they allege that the due process violations occurred by the defendants investigating,

---

otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

W. Va. Code § 55-2-12.

conducting the investigation, and bringing charges against the plaintiffs. The plaintiffs' complaint states that the Screening Subcommittee was investigating the plaintiffs for potential academic misconduct and that a member of the General Counsel's office, Beverly Kerr, was a member of that committee. The plaintiffs state in their complaint that the Screening Subcommittee concluded sufficient evidence existed to establish that the plaintiffs had committed academic misconduct and, at the same time, concluded that there was insufficient evidence to conclude that Alex Macia committed academic misconduct. The plaintiffs further allege in their complaint that the Screening Subcommittee made no reference to Macia's alleged legal advice concerning the decision to retroactively award Student A an eMBA degree. The plaintiffs also state in their complaint that the Discovery Subcommittee investigated the plaintiffs based on the Screening Subcommittee's findings and that Kerr attended all Discovery Subcommittee hearings.

In their responses to the motions to dismiss, the plaintiffs state that the conflicts of interest perpetrated by WVU were not, in themselves, the constitutional violation. Instead, the charges are what actually caused the deprivations of the plaintiffs' liberty and property interests. This Court does not agree. The plaintiffs' allegations of violations of due process hinge on "a clear conflict of interest [that] existed during the entire investigative process regarding the charges of academic

11

misconduct." Compl. ¶ 54. The basis of the plaintiffs' due process claims are the alleged conflict of interest during the investigation. The bringing of academic misconduct charges against the plaintiffs is not the violation of due process as alleged in the facts produced in the plaintiffs' complaint. Rather, as the United States Supreme Court found in <u>Ricks</u> and <u>Chardon</u>, the academic misconduct charges are the <u>consequences</u> of the alleged discriminatory act at issue, here, the alleged conflict of interest and alleged tainted investigation that led to the bringing of academic misconduct charges.

The plaintiffs argue that <u>Ricks</u> is inapplicable to this case for two reasons. First, they contend that <u>Ricks</u> involved 42 U.S.C. § 1981 and Title VII claims. As mentioned above, the Supreme Court extended the holding of <u>Ricks</u> to 42 U.S.C. § 1983 cases in <u>Chardon</u>. Additionally, the Fourth Circuit has recognized that <u>Ricks</u> concerns the accrual of causes of action under 42 U.S.C. § 1983. <u>Simmons v. S.C. State Ports Auth.</u>, 694 F.2d 63, 65 (4th Cir. 1982). Secondly, the plaintiffs argue that even if <u>Ricks</u> is relevant, the plaintiffs have alleged that the acts of which they are complaining are the filing of the academic misconduct proceedings against them and the subsequent and continuing deprivation of their property interests. As explained above, the relevant time period is not the consequence of an action, but when the plaintiffs first knew or had reason to know of the conflict of interest and the subcommittee's findings that would lead to the academic misconduct charges.

The parties briefed the statute of limitations issue in their motions to dismiss, but the plaintiffs do not provide a date in the complaint in which they learned of the July 17, 2008 Screening Subcommittee Report.  A motion to dismiss is not proper when the date the statute of limitations runs cannot be determined from the face of the complaint.  AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982).  Accordingly, this Court finds it appropriate to convert the defendants' motions to dismiss into motions for summary judgment.  As mentioned above, this Court asked the parties for affidavits as to the date the plaintiffs received the report and notified them of the possible conversion.  Sears states that he received the Screening Subcommittee Report on July 31, 2008.  Logar states that he "do[es] not recall when, if ever, [he] received the Screening Subcommittee Report."  However, McDiarmid, in her affidavit, states that Logar sent her a letter responding to the Screening Subcommittee Report on August 5, 2008.  In addition, in the response to defendant Martin's motion to dismiss, the plaintiffs jointly state that the Screening Subcommittee released the Screening Subcommittee's report to the plaintiffs on July 21, 2008.

This Court concludes that the plaintiffs not only had reason to know, but also had knowledge of every alleged discriminatory act alleged in the complaint at the time they received the Screening Subcommittee Report, which is prior to December 3, 2008.  The actual bringing of academic misconduct charges is merely an effect

13

or consequence of the alleged conflict of interest and alleged tainted investigation.  Because the plaintiffs did not file their complaint until December 3, 2010, more than two years after August 5, 2008, the plaintiffs' claims against all the defendants must be dismissed as time-barred and the defendants' motions for summary judgment must be granted.[4]

V.   <u>Conclusion</u>

For the reasons stated above, Marjorie A. McDiarmid's Motion to Dismiss (Document No. 25), James P. Clements, C. Peter McGrath, and West Virginia University Board of Governors' Motion to Dismiss (Document No. 26), Michael S. Garrison's Motion to Dismiss (Document No. 31), Mary Roberta Brandt and Beverly D. Kerr's Motion to Dismiss (Document No. 33) and E. Jane Martin's Motion to Dismiss (Document No. 55) are CONVERTED to motions for summary judgment and are GRANTED.  In addition, West Virginia University Board of Governors, C. Peter McGrath, James P. Clements, and E. Jane Martin's motion to stay discovery pending resolution of dispositive motions (Document No. 110) is DENIED AS MOOT; West Virginia University Board of Governors, C. Peter McGrath, James P. Clements, and E. Jane Martin's emergency motion to seal affidavits of R. Stephen Sears and Cyril M. Logar (Document No. 125) is DENIED AS MOOT; James P. Clements, E. Jane Martin, C. Peter McGrath and West Virginia University Board of Governors sealed motion for protective

---

[4]Because this Court finds the plaintiffs' complaint to be time-barred, it will not address the plaintiffs' claims on the merits.

order (Document No. 140) is DENIED AS MOOT; R. Stephen Sears'

motion for protective order (Document No. 141) is DENIED AS MOOT;

and Gerald E. Lang's motion to quash (Document No. 147) is DENIED

AS MOOT.  Accordingly, it is ORDERED that this case be DISMISSED

and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum

opinion and order to counsel of record herein.  Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment

on this matter.

DATED:    September 15, 2011


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE